EDWARD MARSHALL and JOSEPH MARSHALL v. JAMES BALL, ANDREW REYNOLDS, JOHN RUBINCAM, JOHN FOOT, and DR. WILLIAM REYNOLDS.

Court of Chancery. New Castle. August 26, 1818.

*Ridgely's Notebook II, 262.*

*McLane* for complainants. *Rogers* for defendants. . . .

This bill was filed May 22, 1815. It was a bill praying a writ of injunction to restrain the defendants from cutting down or taking away timber growing on certain land condemned for the use of a water grist mill of the complainants, and also from taking any stone or gravel from the condemned land. The defendants denied the equity of the bill, and insisted that complainants had gone off of the condemned land, and appropriated partly the condemned land, and partly other land not included within the condemnation. That the freeholders condemned more land than they were authorized by the writ. Defendants admit they have taken stones for their own purposes but that these stones had been previously taken off of the land of Ball and A. Reynolds, two of the defendants, and deny that they or any of them have taken stones or timber from any part of the condemned land. And they deny that they have threatened to take any stones or timber to which they may have right. Defendants insist that the timber and stones on any part of the condemned ground, within the limits of two perches of the place now actually cut and used by complainants do not belong to complainants, as the condemnation gives merely the use of the ground to complainants, etc. That the dam last constructed, and now used by defendants, is not upon any part of the condemned land, but is upon the ground of James Ball and A. Reynolds, two of the defendants.

At April, 1817, THE CHANCELLOR ordered a trial at law, upon the following questions: First, did the defendants or either and which of them commit any trespass or waste upon the premises mentioned in the bill? Second, are the premises upon [which] the said trespass or waste was committed a part of the land condemned for the use of the said William Marshall and James Marshall. (NOTE. William and James Marshall were the previous

owners of the mill and condemned land, and complainants claim title through them.)

THE CHANCELLOR. The right of the party should be established at law, and the precise place ascertained, upon which a writ of injunction might be fixed, so as to protect the party from any wrong. This has not been done, and indeed there is no proof that any timber or stones have been taken from the condemned land, nor any threats or danger that such will be the case. The complainants had an opportunity to try their rights at law; they neglected to do so. The bill must be dismissed with costs to defendants.